

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# Rhett v. Disman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2903

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rhett v. Disman" (2007). *2007 Decisions.* Paper 1201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2903

ERIC J. RHETT,
Appellant

v.

COMMISSIONER BEATRICE DISMAN; GERARD P. DEVEAUX, Esq.;
DEBBIE MYERS; CYNTHIA NOWLIN; MARY NOWLIN;
BRUCE A. HENDERSON, Welfare Director;
ARNOLD KOSTER, Esq.; APPEALS COUNCIL-SSA;
M.D. FADI J. BEJJANI; M.D. DOUGLAS D. BRADLEY;
HI-TECH TRAINING SCHOOL; M.D. MONICA MEHTA;
OFFICE OF HEARING & APPEALS SSA;
M.D. HOWARD M. PECKER; THALODY MEDICAL ASSOCIATES;
UNION COUNTY DIV OF SOCIAL SERVICES

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05539)
District Judge: Honorable Joseph A. Greenaway

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2007

Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed: April 26, 2007)

OPINION

PER CURIAM

Appellant, Eric Rhett, appeals the judgment of the United States District Court for the District of New Jersey dismissing his amended complaint. For the reasons that follow, we will vacate and remand.

In 2002, Appellant filed a motion to proceed in forma pauperis and a complaint seeking review of the denial of supplemental social security disability benefits. The District Court took no action in the matter between 2002 and 2004. In April 2004, Appellant filed a request for a final appealable order and numerous other motions. No action was taken by the District Court and no motions were decided. Appellant filed a notice of appeal to this Court. C.A. No. 05-2334. On October 25, 2005, we dismissed the appeal for lack of appellate jurisdiction, but directed the District Court to transfer the case to another District Judge within forty-five (45) days for expedited consideration. Id. In the interim, while his appeal was pending, Appellant filed two amended complaints. The first amended complaint was filed on June 17, 2005, and the second was filed on July 5, 2005, without leave of court. On May 22, 2006, the District Court sua sponte dismissed Appellant's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. [1]

_____

[1] Appellant filed his original complaint in November 2002. In October 2005, the District Court granted Appellant's motion to proceed in forma pauperis and ordered his complaint filed nunc pro tunc. The District Court's dismissal of Appellant's amended complaint occurred in May 2006, over three years after Appellant filed the original complaint and motion to proceed in forma pauperis.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Id. (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

The District Court dismissed Appellant's first amended complaint because it was unable to discern any cognizable causes of action. The District Court further held that Appellant's amended complaint failed to provide a short and plain statement of his claims that would sufficiently provide the defendants with fair notice.

While we agree it appears that Appellant's first amended complaint fails to state any cognizable claims, Appellant attached to that document his original complaint, in which it is clear that, at a minimum, he was seeking review of the denial of supplemental social security disability benefits. In its opinion dismissing Appellant's first amended complaint. The District Court concluded that any amendment to the first amended complaint would be futile and dismissed the action with prejudice. The District Court did not address any of the allegations in the original complaint. Furthermore, although the second amended complaint was filed without leave of court, the District Court neither considered whether a request for leave was implicit in that filing nor examined the contents of that complaint when determining whether any further amendment would be futile.

We have held that, plaintiffs, whose complaints fail to state a claim, "are entitled

3

to amend their complaint unless doing so would be inequitable or futile." Grayson v.

Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). The District Court concluded

that further amendment of this complaint would be futile. We disagree. Appellant is a

pro se litigant, who attempted to file an amended complaint but failed to incorporate his

amended complaint (instead, attaching the initial complaint to the "amended" complaint).

An examination of the record indicates the many difficulties and confusion facing

the District Court because of the pro se nature of these proceedings. In an abundance of

caution, however, we will vacate the judgment and remand for the District Court to

construe the entire document as the amended complaint, or to permit Appellant to

incorporate his original complaint into the first amended complaint. This probably would

state a cause of action.

We will vacate and remand for further proceedings.