

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Rhett v. NJ Superior Court

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rhett v. NJ Superior Court" (2008). *2008 Decisions.* Paper 1769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3352

ERIC J. RHETT,
                                                 Appellant

v.

NEW JERSEY STATE SUPERIOR COURT;
HI-TECH TRAINING SCHOOL;
LINDA S. MCMAHON, Commissioner Social Security Administration;
NEW JERSEY HUMAN SERVICES, Medical Coverage Dept.;
RAHWAY HEALTH DEPT, Welfare Dept.; MONICA MEHTA, M.D.;
HOWARD M. PECKER, M.D.; UNION COUNTY DIV. OF SOCIAL SERVICES;
DOUGLAS D. BRADLEY, M.D.; THALODY MEDICAL ASSOC.;
BENJAMIN FADI, M.D.; PUBLIC SERVICE ELECTRIC & GAS COMPANY;
JOSEPH SINISI, Owner; H.C.C.S.E.U. UNIT, Child-Support Unit;
STATE SUPERIOR FAMILY COURT;
ADMINISTRATIVE OFFICE OF NEW JERSEY COURTS;
HOUSING COMMUNITY AFFAIRS DEPT.

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 07-cv-2303
(Honorable Jose L. Linares)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

(Filed January 10, 2008)

PER CURIAM.

Eric J. Rhett appeals pro se from the final order of the United States District Court for the District of New Jersey dismissing his second amended complaint with prejudice. We will affirm the judgment of the District Court.

I.

Rhett's original complaint was received in the District of Maryland on May 1, 2007. The case was promptly transferred to the District of New Jersey, and Rhett was granted leave to proceed in forma pauperis. On May 18, 2007, the District Court, after reviewing the initial complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed it without prejudice. It found that Rhett's "incomprehensible" pleading did not comply with the "short and plain statement" requirements of Federal Rule of Civil Procedure 8(a). (5/18/07 Order at 1-2.) Provided 45 days to file a complaint satisfying Rule 8's pleading requirements, Rhett submitted an amended complaint on May 31, 2007. On June 5, 2007, the District Court dismissed his amended complaint without prejudice on the same grounds. The District Court gave Rhett until June 22, 2007 to file a proper complaint, with a warning that failure to do so would result in dismissal of this matter with prejudice. The District Court received his second amended complaint on June 7, 2007. On June 19, 2007, it again conducted a § 1915(e)(2)(B) review and dismissed the second amended complaint with prejudice. As explained in its opinion, the District Court found that the

2

second amended complaint still violated Rule 8(a) because it was incomprehensible and lacked any "short and plain statement" of either the jurisdictional grounds or Rhett's substantive claims for relief. According to the District Court, the second amended complaint thereby failed to afford fair notice to defendants as to the claims against which they would have to defend.

Rhett filed a timely notice of appeal, which he subsequently amended. In addition to his informal appellate brief and informal reply brief, Rhett has submitted several documents to the Court, which have been docketed as: (1) a motion for default; (2) a motion to stay New Jersey administrative proceedings in connection with the state's welfare program; (3) a renewed motion to stay administrative proceedings; (4) a "motion – resubmitted for stay U.S. Supreme Court;" and (5) a "motion – use all original psychiatric & non-complained doctor reports."[1]

## II.

Even after taking into account Rhett's status as a pro se litigant, see, e.g., Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (noting rule that pro se complaint must be held to less stringent standards), we agree with the District Court that he failed to

---

[1] We also have before us a document from Rhett docketed as a "Pleading removal from NJ District Court." 28 U.S.C. § 1441, which authorizes defendants to remove certain cases from a state court to a federal district court, is clearly inapplicable to an appeal from a federal district court to a federal court of appeals. However, the document itself is also entitled an appendix, although it apparently consists mainly of further argument by Rhett in support of his appeal. The submission therefore may also be considered a supplemental appellate brief.

3

comply with the basic pleading requirements.[2]  His complaint, amended complaint, and second amended complaint all lacked "short and plain statement[s]" of either the grounds for jurisdiction or of any "claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a); see also In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  Furthermore, Rhett's specific allegations were neither "'simple, concise, [nor] direct.'"  Westinghouse, 90 F.3d at 702 (quoting Rule 8(e)).

On the contrary, Rhett's rambling pleadings contained mostly unintelligible allegations against almost twenty seemingly disparate defendants, including the Social Security Commissioner, the New Jersey Superior Court, other New Jersey state and county agencies, a training school, medical doctors, an insurance company, a law firm, Rhett's own landlord, and the electric company.  Even after examining his second amended complaint, the District Court was understandably unable to "decipher" what exactly he "complains of [as well as] what relief he is seeking."  (6/19/07 Opinion at 6.)  It accordingly observed that Rhett apparently "asserts a variety of unrelated claims, including a 'personal injury negligence' claim, a 'forgery' claim, a claim of

---

[2]  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We generally exercise plenary review over a dismissal under 28 U.S.C. § 1915(e)(2)(B).  See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  However, "[w]e review the district court's decision to dismiss claims under Rule 8 for an abuse of discretion."  In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted).

Because we affirm based on Rule 8, we need not, and accordingly do not, address whether the District Court was also correct to dismiss the second amended complaint on the additional grounds offered in its June 19, 2007 opinion.  However, we do note our general agreement with the District Court's statements about Rhett's apparent failure to establish subject-matter jurisdiction.

embezzlement,' and a claim for the refund of certain child support funds - to name a few." (Id.)  Under such circumstances, Rhett's pleadings neither provided defendants with "fair notice" of the claims against them, see, e.g., Erickson, 127 S. Ct. at 2000, nor permitted the District Court to conduct a proper review of his case under § 1915(e)(2)(B).

On appeal, Rhett does not specifically argue that his pleadings were sufficiently clear to satisfy Rule 8.  Instead, his mostly unintelligible appellate submissions contain numerous allegations of wrongdoing against the various defendants and similarly confusing claims that the District Court violated various constitutional provisions and was biased against him.  However, the District Court, by applying a well-established rule of federal procedure, handled Rhett's case in a proper and fair manner.  "It is well settled that the question on review 'is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did.'" Westinghouse, 90 F.3d at 702 (citation omitted).  By dismissing his initial and amended complaints *without* prejudice, the District Court furnished Rhett with multiple opportunities to comply with Rule 8.  In its first two dismissal orders, it further provided Rhett with clear directions as to what must be included in a proper complaint and warned him of the consequences of failure to comply.  In his second amended complaint, Rhett himself expressly acknowledged that his allegations could not be made "any clearer."  (Second Am. Compl. at 4.) Accordingly, granting Rhett leave to file a *third* amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing his second

5

amended complaint *with* prejudice.  See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Westinghouse, 90 F.3d at 702-04.

Finally, Rhett, who has filed a number of closely related cases, still has a matter pending in the District of New Jersey.  In Rhett v. Disman, et al. (D.N.J. Civ. No. 02-5539), he has been challenging a 2002 determination by the Social Security Commissioner regarding his Social Security disability benefits.  Disman is not currently before us.  Therefore, our affirming the dismissal in the current case does not affect Rhett's ability to pursue his pending Social Security Act claim in Disman and possibly obtain a ruling on the merits.[3]

---

[3] Furthermore, our earlier decision in Disman does not alter our conclusion in this appeal.  In Rhett v. Disman, 228 F. App'x 225 (3d Cir. 2007) (non-precedential), Rhett appealed from a different district judge's dismissal with prejudice of his first amended complaint.  We reversed because the district judge overlooked Rhett's original complaint "in which it is clear that, at a minimum, he was seeking review of the denial of supplemental social security disability benefits" and also failed to consider a second amended complaint submitted by Rhett.  Id. at 227.  In addition, we noted that the Disman matter was commenced in 2002 and that no action was taken by the originally assigned district judge between 2002 and 2004.  Id. at 226.  However, in the present case, the District Court properly and promptly considered Rhett's various pleadings.  It further provided him with several opportunities to file a proper complaint and adequate notice as to what he was expected to do and the consequences of failure.

6

III.

For the foregoing reasons, we will affirm the District Court's dismissal with prejudice. Given the uncorrected deficiencies in Rhett's pleadings, the District Court committed no error in denying Rhett's various applications for miscellaneous relief and his petition to re-open. Rhett's pending motions in this Court are DENIED.