PS1-163                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1460
_____

ERIC J. RHETT,
                              Appellant

v.

SUPERVISOR C. EVANS; PUBLIC SERVICE ELECTRIC AND GAS CO; HOME
ENERGY ASSISTANCE PROGRAM; DEPARTMENT OF COMMUNITY AFFAIRS;
PROCEED INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-02099)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: August 12, 2014 )
_____

OPINION
_____

PER CURIAM

        Eric J. Rhett appeals pro se from an order granting the defendants' motions to

dismiss, one of which was converted to a motion for summary judgment, in an action

seeking relief pertaining to his account for utility services in his home. For the following reasons, we will affirm.

In April 2011, Rhett filed a complaint alleging that his utility service account fell into arrears because the New Jersey Department of Community Affairs failed to apply a credit under the Home Energy Assistance Program. The utility provider, Public Service Electric and Gas Company (PSE&G), filed a motion to dismiss, arguing, inter alia, that Rhett's claims were moot. In particular, PSE&G alleged that Rhett was currently being provided with utility services, that there were no scheduled interruptions of those services, that he was receiving a $73.71 monthly credit from the Home Energy Assistance Program, and that there was no past due balance on his account. Because the motion relied on a certification from a PSE&G employee, the District Court converted the motion to dismiss into one for summary judgment, and provided the parties with additional time to present material pertinent to the motion.[1] In response, Rhett submitted several recent utility service account statements, which included a shut-off notice, listed a past-due balance, and omitted any indication that he was receiving a credit. By order entered September 11, 2012, the District Court granted PSE&G's motion, holding, inter alia, that Rhett's claims were moot.

The Department of Community Affairs also filed a motion to dismiss, asserting that it was immune from suit under the Eleventh Amendment, that Rhett's claims were moot, and that Rhett failed to exhaust his administrative remedies before the New Jersey

---

[1] Rhett sought review of this order, and we dismissed the appeal for lack of jurisdiction. See Rhett v. Evans, C.A. No. 12-3496 (order entered Dec. 7, 2012).

Board of Public Utilities. The District Court agreed and, by order entered February 7, 2014, granted the motion to dismiss. Rhett appealed.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

The District Court erred in concluding that Rhett's claims against PSE&G are moot. PSE&G submitted an affidavit from a Customer Operations Supervisor, which stated that "Rhett currently receives a credit on his utility account . . . [and that] there is no scheduled interruption of services nor is there any plan to schedule any interruption of service as there is no past due balance . . . ." But Rhett raised a genuine issue of material fact about this contention by providing recent statements stating that "[y]our service is currently in danger of being shut off" and that his account was "past due." The District Court acknowledged these statements, but discounted them because "Mr. Rhett receives a

3

computer generated bill on a pre-formatted bill which are sent to all customers. It is impractical to expect PSE&G to pull out Mr. Rhett's notice from the mass mailing when there are so many customers. PSE&G contends that Mr. Rhett should ignore the monthly statement since his services are partially paid for by the Home Energy Assistance Program, and PSE&G has no intention to collect or shut off service." There is no evidence in the record, however, that it is impractical for PSE&G to provide Rhett with an accurate account statement or that PSE&G has advised Rhett to ignore those statements.

Although Rhett raised a genuine issue of material fact concerning whether his claims against PSE&G are moot, we conclude that dismissal of his complaint was proper. Rhett's complaint refers to the Fourteenth Amendment and states that he is disabled, but, even read liberally, it fails to allege plausible facts sufficient to support a claim for relief. See Iqbal, 556 U.S. at 679. To assert a claim under 42 U.S.C. § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Although PSE&G is subject to state regulations, there is no sufficiently "close nexus" between New Jersey and the challenged action in this case, namely, the calculation of Rhett's utility bill. See Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974) (holding that the termination of electrical services by a privately owned utility was action by a private actor and not the state, even though the utility company was subject to extensive state regulation). Accordingly, because PSE&G did not function as a state actor in these circumstances, Rhett cannot establish a claim under § 1983.

4

With respect to Rhett's allegations concerning the Department of Community Affairs, we agree that his claims are barred by the Eleventh Amendment. The Department of Community Affairs is a principal department "established in the Executive Branch of the State Government." N.J. Stat. Ann. § 52:27D-1. The Eleventh Amendment protects a state or state agency from a suit brought in federal court regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecomm. Corp. v. Bell Atl., 271 F.3d 491, 503-04 (3d Cir. 2001).[2] Section 1983 does not abrogate states' immunity, Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and neither the State of New Jersey nor its agencies have consented to suit or waived their Eleventh Amendment immunity. The District Court thus properly dismissed the claims brought against the Department of Community Affairs.

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[2] Suits for injunctive relief against state officials brought to end ongoing violations of federal law are not barred by the Eleventh Amendment. See Ex Parte Young, 209 U.S. 123 (1908); cf. Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (noting inapplicability of Ex Parte Young exception to state agencies). Here, Rhett named as a defendant Supervisor C. Evans. According to the District Court, "neither PSE&G nor the Department of Community Affairs can identify her as an employee. Under any circumstances, Super[visor] Evans has no ability to alter Mr. Rhett's utility bill." Because Rhett has not challenged this determination on appeal, we will not consider it. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised on appeal are deemed abandoned and waived).

[3] Rhett filed a document on August 4, 2014, asking for en banc rehearing in a separate, closed appeal, Rhett v. Disman, No. 06-2903, 228 F. App'x 225 (3d Cir. 2007). We note that the time for seeking such rehearing has long since passed. See Fed. R. App. P. 35(c), 40(a)(1).